# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PARTEX APPAREL INTERNATIONAL
LTDA S.A. DE C.V., an El Salvador
Corporation,   )
               )
       Plaintiff,   )
               )
v.             )   Case No. 10-2678-WEB
               )
GFSI, INC., a Delaware Corporation,   )
               )
       Defendant.   )
               )
               )

## MEMORANDUM AND ORDER

This matter is before the court on defendant's motion to quash a deposition subpoena and for a protective order. (Doc. 40). For the reasons set forth below, defendant's motion shall be GRANTED IN PART.

### Background

Highly summarized, this is an action to collect payment for sports apparel. Plaintiff, an El Salvadoran corporation, manufactures sports apparel and defendant purchases and resells the apparel in the United States. Plaintiff alleges that defendant has failed to pay invoices totaling in excess of one million dollars. Defendant does not dispute that it owes "someone" for the sports apparel but asserts that a receivership may have been appointed for plaintiff by an El Salvadoran judge. Defendant contends that it has been unable to secure

clarification concerning the proper party and refuses to pay unless it receives assurances that it will not be subjected to claims by multiple parties.

**Motion to Quash and for Protective Order (Doc. 40)**

Plaintiff's motion for summary judgment is pending before Judge Brown and is opposed by defendant who argues that uncertainty exists concerning "who" should receive the payment. In support of its argument, defendant attaches an affidavit from Bill Ramsey, a "senior director of sourcing for defendant," and an affidavit from Robert J. Bjerg, counsel for defendant. The two affidavits essentially explain the information giving rise to defendant's concern that multiple parties may have a claim to defendant's payment.

Plaintiff served a deposition subpoena on defense counsel based on Mr. Bjerg's affidavit. Defendant moves to quash and for a protective order, arguing that its counsel, Mr. Bjerg, should not be deposed. With respect to deposing opposing counsel, courts in this district generally follow the criteria set forth in Shelton v. Am. Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986). Although trial counsel are not absolutely immune from being deposed, the Shelton court set forth the limited circumstances for taking opposing counsel's deposition: "(1) no other means exist to obtain the information except to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." Id. The party seeking to take opposing counsel's deposition carries the burden of persuasion. Id., Tobergte Associates v. Russell Brands, 259 F.R.D. 550, 554 (D. Kan. 2009).

Plaintiff does not address the Shelton criterial in its response brief; therefore, it has failed to carry its burden of persuasion. Equally important, plaintiff explained in its response brief that it was also taking two additional depositions: (1) Bill Ramsey and (2) a Rule 30(b)(6) deposition. These two depositions may very well provide the information which plaintiff seeks from opposing counsel. Under the circumstances, the court will sustain defendant's motion to quash and grant a protective order. Depending on the results of these two depositions, plaintiff may renew its efforts to depose opposing counsel. However, any future motions concerning the deposition of Mr. Bjerg shall address the Shelton criteria.

**IT IS THEREFORE ORDERED** that defendant's motion to quash and for a protective order **(Doc. 40)** is **GRANTED IN PART**, consistent with the rulings set forth herein.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 22nd day of April 2011.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge