# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PARTEX APPAREL INTERNATIONAL )
LTDA S.A. DE C.V., an El Salvador )
Corporation, )
　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　)
v. ) Case No. 10-2678-WEB
　　　　　　　　　　　　　　　　　)
GFSI, INC., a Delaware Corporation, )
　　　　　　　　　　　　　　　　　)
　　　　　　Defendant. )
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)

## **MEMORANDUM AND ORDER**

This matter is before the court on the following motions:

　　1. Motion for Leave to Amend to file an Interpleader Counterclaim and Add a Party (Doc. 47);

　　2. Motion to Intervene (Doc. 55);

　　3. Motion to Compel (Doc. 59);

　　4. Motion for a Protective Order (Doc. 65); and

　　5. Motion for Extension of Discovery Deadlines (Doc. 67).

The rulings are set forth below.

### **Background**

Partex, an El Salvadoran corporation, manufactures sports apparel and GFSI

purchases and resells the apparel in the United States. Partex alleges that GFSI has failed to pay invoices totaling in excess of one million dollars. GFSI does not dispute that it owes "someone" for the sports apparel but asserts that a receivership may have been appointed for Partex by an El Salvadoran judge. GFSI contends that it has been unable to secure clarification concerning the proper party for payment and refuses to pay unless it receives assurances that it will not be subjected to claims by multiple parties.

**Motion for Leave to Amend and Add a Party (Doc. 47)**
**and**
**Motion to Intervene (Doc. 55)**

GFSI moves for leave to amend to file a counterclaim for interpleader and to add Banc Centroamericano de Integracion Economica ("BCIE") as a crossclaim defendant. GFSI alleges that BCIE is a creditor of Partex and that an El Salvadoran court has "entered an Order of attachment in favor of BCIE against Partex's assets." Doc. 47, p. 2. Because GFSI believes it is exposed to competing claimants to the invoice payments, GFSI seeks leave to amend its pleadings and assert a counterclaim for interpleader and to add BCIE as a party. In a related motion, BCIE moves to intervene to assert its claim to the disputed funds.

Partex opposes GFSI's motion for leave to amend to interplead the funds and add BCIE, arguing that the motion is untimely. Specifically, Partex argues that this case was filed on July 2010 in the Southern District of Florida and that GFSI opposed Partex's earlier

motion to have the funds paid into the court.[1] Partex also argues that "since at least July 2010, GFSI has known that BCIE unlawfully froze Partex's bank account in El Salvador and attempted to wrongfully seize Partex's assets." Doc. 53, p.3. Finally, Partex argues that its summary judgment motion is ripe and that this case is set for trial on July 11, 2011.

Partex's argument that the amendment should be denied as untimely is not persuasive. Contrary to plaintiff's argument, this case has not been set for trial.[2] Moreover, the mere fact that Partex filed a summary judgment motion is not a sufficient reason by itself for concluding that the motion to amend is untimely. The summary judgment motion was filed early in the case and Partex has been aware since filing this case that GFSI had concerns that it not be exposed to liability from competing claimants.[3]

Partex's allegations concerning the July 2010 freezing of its bank account in El Salvador is a two-edged sword. Although GFSI's delay in moving to formally interplead the funds caused some delay in the resolution of this case, Partex was also aware in July 2010 that BCIE had taken steps to attach Partex's bank account in El Salvador. Although Partex contends that the BCIE attachment in El Salvador is fraudulent, it is now uncontested that

---

[1] The case was transferred to the United States District Court for the District of Kansas based on a forum selection clause in the contract between Partex and GFSI. Partex withdrew its motion to compel payment of the funds into the court and pursued summary judgment against GFSI.

[2] Judge Brown does not set his cases for trial until all pending dispositive motions are resolved.

[3] The potential liability to other claimants was a topic discussed at every status conference this court has conducted with the parties.

-3-

a creditor has taken steps to attach Partex's assets.[4]

Finally, Partex contends that GFSI's proposed counterclaim for interpleader is legally deficient because GFSI does not have a legitimate fear of multiple liability and that BCIE's "purported Order of Attachment" is not enforceable because it (1) is not a final judgment, (2) is invalid, and (3) was obtained by fraud. The difficulty with these arguments is that Partex asserts factual contentions that are beyond the scope of the pleadings. Whether BCIE's claim to the funds is superior to Partex's claim is an issue that will be addressed after the pleadings are amended and the parties are properly before the court. Under the circumstances, the motion to amend to assert a counterclaim for interpleader and to add BCIE as a party shall be GRANTED.

In a related motion BCIE moves to intervene to assert its claims to the payments which GFSI is currently holding for Partex. The court is satisfied that BCIE is asserting a claim to certain payments that are the subject of this lawsuit and that neither Partex nor GFSI will adequately protect its claims to the funds. Moreover, allowing BCIE to voluntarily appear in this case through a motion to intervene is consistent with the above ruling granting GFSI's motion to add BCIE as a party for purposes of resolving claims to the interplead funds. Partex's arguments that the motion is untimely and that BCIE does not have a valid

---

[4] GFSI's opposition to the summary judgment motion was based, in part, on the assertion that Partex uncharacteristically requested that payments be wired to a new bank account. It is now apparent that GFSI's suspicions concerning the new bank account had a basis in fact.

-4-

claim are rejected for the same reasons discussed above concerning GFSI's motion.[5] Accordingly, BCIE's motion to intervene shall be GRANTED.

**IT IS THEREFORE ORDERED** that GFSI's motion for leave to amend to assert a counterclaim to interplead funds and to add a new party **(Doc. 47)** is **GRANTED.** GFSI shall file an serve the amended counterclaim by **July 6, 2011.**

**IT IS FURTHER ORDERED** that BCIE's motion to intervene **(Doc. 55)** is **GRANTED.** BCIE shall file and serve is pleadings by **July 6, 2011.**

### Motion to Compel (Doc. 59)

Partex moves to compel Hanesbrands, Inc. to produce documents responsive to a records subpoena or, in the alternative, to exclude evidence of "adequate assurances" asserted by GFSI as a defense to plaintiff's claim to payment of certain invoices.[6] GFSI and

---

[5] Partex argues that the court should deny the motion as a matter of comity because there is another receiver appointed in El Salvador (appointed on behalf of Startee Apparel) and that there is ongoing litigation in that country involving Startee, BCIE, and Partex. This new revelation reveals more complexity to Partex's financial status and the claims of third parties than originally suggested by Partex. The court is not persuaded that BCIE's motion for leave to intervene should be denied based on the limited record concerning litigation in El Salvador.

[6] Hanesbrands recently purchased GFSI. Apparently, Hanesbrands provided some type of instructions or advice concerning payment of the Partex invoices to GFSI before the acquisition was completed. Partex seeks discovery of documents related to those communications.

-5-

Hanesbrands counter that the court (1) deny Partex's motion or (2) defer ruling pending a ruling on GFSI's motion to allege an interpleader action and BCIE's motion to intervene.

As noted above, the court has granted GFSI's motion to amend to assert a counterclaim for interpleader and BCIE's motion to intervene. The difficulty with the motion before the court is that GFSI assumes that the ruling on the two motions "allows the case to proceed solely between the two real parties: Partex and BCIE." However, the court has merely allowed GFSI to amend its pleadings and BCIE to intervene in the case. Whether GFSI is subsequently dismissed from this case is yet to be determined.[7] Similarly, Partex's briefing raises unanswered questions because Partex ignores the possibility that funds might be interplead and that BCIE would be allowed to intervene.[8] Under the circumstances, the motion to compel shall be denied without prejudice and the parties shall confer concerning the rulings in this opinion and the future discovery needs of this case.

**IT IS THEREFORE ORDERED** that Partex's motion to compel **(Doc. 59)** is **DENIED WITHOUT PREJUDICE.**

---

[7] GFSI's litigation strategies and delay in seeking to interplead the funds are puzzling and it is not clear why GFSI did not seek to interplead the funds in response to Partex's summary judgment motion. Because of the unusual twist and turns in this case the court does not accept conclusory assertions by any party.

[8] It is not at all clear that Partex still needs the requested discovery given the court's rulings. For example, GFSI may be abandoning its defense of "adequate assurance" to Partex's claim for payment.

**Motion for a Protective Order (Doc. 65)**

On June 2, 2011, GFSI filed a notice to take the depositions of Juan Zighelboim and David Ha in Kansas on June 9, 2011. Zighelboim and Ha are Partex officers who work and reside in El Salvador. Partex moves for a protective order, arguing that the depositions were scheduled without conferring with Partex and that Partex's counsel and the two officers are not available for depositions on June 9. Under the circumstances, the seven day notice for deposing two individuals who work and reside in a foreign country was unreasonable and the motion for a protective order shall be GRANTED.

**IT IS THEREFORE ORDERED** that Partex's motion for a protective order **(Doc. 65)** is **GRANTED** and the notices for the June 9, 2011 depositions are quashed. GFSI is admonished to confer before scheduling depositions of persons who work and reside in foreign countries.

**Motion for Extension of Discovery Deadline (67)**

Partex moves for an extension of discovery deadlines to allow time to complete discovery related to GFSI's defenses. Because GFSI has been granted leave to amend to interplead certain funds and BCIE has been granted leave to intervene, the scheduling order in this case will need to be amended. Accordingly, the motion for an extension of the discovery deadline shall be **GRANTED.**

**IT IS THEREFORE ORDERED** that Partex's motion for an extension of discovery deadlines **(Doc. 67)** is **GRANTED.** The deadline for completion of discovery is suspended pending formal appearance by BCIE in the case and a revised scheduling order.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 21st day of June 2011.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge