# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PARTEX APPAREL INTERNATIONAL LTDA S.A. DE C.V.,** an El Salvador Corporation, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 10-2678-WEB |
| **GFSI, INC.,** a Delaware Corporation, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to compel (Doc. 66) and supplemental motion to compel (78). For the reasons set forth below, the motions shall be GRANTED.

### Background

This case began as a relatively simple contract action but has been sidetracked by some unusual developments and strategies.[1] Partex, an El Salvadoran corporation, manufactures sports apparel; GFSI purchases and resells that apparel in the United States.

---

[1] The case was filed by Florida counsel in the United States District Court for the Southern District of Florida on July 26, 2010. GFSI successfully moved to have the case transferred to the United States District Court of Kansas based on a forum selection clause in the parties' contract. (Order Granting Transfer, Doc 25).

Partex alleges in its complaint that GFSI failed to pay invoices totaling in excess of one million dollars and filed a motion for summary judgment. GFSI does not dispute that it owed "someone" for the sports apparel but opposes summary judgment based on Partex's failure to provide "adequate assurance of performance" under K.S.A. 84-2-609. The defense of "adequate assurance of performance" defense is based on the understanding of GFSI that a receivership may have been appointed for Partex by an El Salvadoran judge. GFSI contends that it has been unable to secure clarification concerning the proper party for payment and refuses to pay unless it receives assurances that it will not be subjected to claims by multiple parties.

The concern that multiple parties might assert claims against GFSI for the invoice payments presented the obvious question of whether an interpleader action should be filed. However, for reasons that are less than clear, GFSI did not immediately interplead the funds but instead opposed summary judgment and engaged in discovery and procedural skirmishes with Partex. Seven months after filing its original answer, GFSI moved to amend to "add a counterclaim for interpleader and to add a new party." (Doc. 47). This motion was granted and Banco Centronamerico Integracion Economica (BCIE) was added as a party.[2] BCIE claims that it was appointed receiver for Partex by an El Salvadoran judge and it therefore is the proper party to receive payment of the funds. GFSI disputes BCIE's contention that it was properly appointed as a receiver in El Salvador. Because the parties disputed factual

---

[2] BCIE separately moved for and was granted permission to intervene in the case. (Doc. 69).

matters beyond the pleadings, a scheduling order was entered which included a timetable for the completion of discovery.

## Motion to Compel (Doc. 66)

## Supplemental Motion to Compel (Doc. 78)

During a discovery deposition Partex learned that GFSI's defense of "adequate assurance of performance" had its origin in some form of communication from the general counsel of Hanesbrands, Inc. to GFSI. Apparently, Hanesbrands was in the process of acquiring GFSI and instructed GFSI not to make payments to Partex until "reasonable assurances" were provided concerning El Salvadoran law. Hanesbrands acquired GFSI, Inc. on November 1, 2010.

Partex served GFSI with production requests seeking documents concerning communications between GFSI and Hanesbrands *prior to November 1, 2010.* GFSI responded generally that it had no ***non-privileged documents*** responsive to the request and that any communications between GFSI and Hanesbrands' general counsel were protected by the attorney-client privilege. Partex moves to compel, arguing that no privilege log has been provided and that GFSI has not shown how communications prior to the November 1, 2010 acquisition date are protected by the attorney client privilege. No response was filed to the motion to compel.

Partex also served a subpoena duces tecum on Hanesbrands for documents and electronically stored information related to the "reasonable assurances affirmative defense." Hanesbrands objected to production, asserting the attorney client privilege and that the

-3-

discovery request was overly broad, burdensome, and seeks irrelevant information. Partex moves to compel, arguing that the information is relevant and that Hanesbrands has neither shown that the attorney client privilege is applicable nor that production would be unduly burdensome. In the alternative, Partex asserts that GFSI and/or Hanesbrands should be precluded from using any evidence of "adequate assurances" if they are unwilling to produce the information sought by the subpoena.

Hanesbrands and GFSI oppose the motion to compel, arguing that Partex failed to confer before filing the supplemental motion to compel. Partex counters that the parties ***did*** confer and that GFSI and Hanesbrands maintain their objections to producing the requested information. The court is unable to discern exactly "who-said-what" from the parties' briefs. However, it is clear that the parties had some conversation concerning the discovery requests before the supplemental motion to compel was filed and, most importantly, Hanesbrands and GFSI continue to oppose ***all*** discovery directed to them. Under the circumstances, the "failure to confer" argument is not persuasive.

Hanesbrands and GFSI also maintain that, because they filed a counterclaim for interpleader and BCIE has intervened, the information requested is immaterial and irrelevant to any issue in this case. There are two problems with this argument. First, Hanesbrands and GFSI do not concede that GFSI should be precluded from offering any evidence concerning its "adequate assurance" defense and they continue to maintain this affirmative defense. (Doc. 81, p. 2). The court will not countenance the assertion of an affirmative defense when joined with a refusal to produce relevant discovery to that defense. Second, GFSI's request to be dismissed from this case has not been granted; thus, GFSI remains a defendant in the

case at this time.

Hanesbrands and GFSI also argue that producing the information would be extremely burdensome and would involve the production of documents protected by the attorney client privilege. The court has carefully reviewed the briefs related to the motion to compel and finds only conclusory allegations that "this action has become extremely expensive for GFSI." (Doc. 60, p. 2 and Doc. 81, p. 2).[3] The conclusory statements are inadequate to establish the burden and expense of producing the requested materials.

With respect to their claim of attorney client privilege, Hanesbrands and GFSI have failed to carry their burden of showing that the privilege is applicable. Fed. R. Civ. P. 26(b)(5) requires that the party withholding documents based on a privilege to (1) expressly make the claim and (2) describe the nature of the document or communication in a manner that, without revealing the information itself, will enable other parties to assess the claim. No privilege log has been provided and Hanesbrands and GFSI have not described the information in a manner that will allow GFSI or the court to determine whether the privilege is applicable. For example, GFSI has requested communications between Hanesbrands and BCIE. (Doc. 78, p.12, topic 3). It is not at all clear how or why communications between Hanesbrands and BCIE would be protected by the attorney client privilege. GFSI and Hanesbrands have failed to carry their burden of showing that the attorney client privilege is applicable to the documents which they are withholding.

Finally, Hanesbrands and GFSI argue that Partex's alternative request to preclude

---

[3] It appears that the majority of GFSI's "expenses" stem from its perplexing decision to delay interpleading the funds while litigating peripheral issues.

them from offering evidence supporting the "adequate assurance" defense is premature because they are "not in violation of any Order" to produce documents. (Doc. 81, p. 3). This is a peculiar argument, in light of GFSI's contention that the information is not relevant because of its counterclaim to interplead the funds.  However, the court will resolve this objection by ordering Hanesbrands and GFSI to produce all of the documents and materials requested by Partex without further objection.  Failure to produce all of the requested materials in a timely manner will preclude GFSI from offering evidence concerning its adequate assurance defense.

**IT IS THEREFORE ORDERED** that Partex's motion to compel **(Doc. 66)** and supplemental motion to compel **(Doc. 78)** are **GRANTED.**  Hanesbrands and GFSI shall produce the requested materials on or before **October 21, 2011.  IT IS FURTHER ORDERED THAT** a failure to produce the requested materials by the deadline shall preclude GFSI from offering any evidence concerning its "adequate assurance" defense. Partex's motion for oral argument **(Doc. 87)** is **MOOT** and therefore **DENIED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 6th day of October 2011.

S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge